IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DONALD ALLEN GOSNEY, | Case No. 6:16-cv-01072-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| MICHAEL GOWER, et al. | |
| Defendants. | |

**BECKERMAN, Magistrate Judge.**

Donald Allen Gosney ("Plaintiff") is an inmate in the custody of the Oregon Department of Corrections ("ODOC"). He brought this civil rights action against Michael Gower ("Gower") (ODOC's Assistant Director of Operations), Linda Ann Gruenwald (a nurse practitioner employed by ODOC), and other ODOC medical personnel (collectively, "Defendants"). Defendants now move for partial summary judgment. *See* Fed. R. Civ. P. 56. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court recommends that the district judge grant in part and deny in part Defendants' motion for partial summary judgment (ECF No. 72).

## BACKGROUND

### A.     Summary of Medical Care

On April 15, 2015, ODOC provided Plaintiff with a hip replacement surgery. (Compl. ¶ 80.) According to Plaintiff, his hip pain stemmed from an infection he suffered as a child. (*Id.*) In 2003, ODOC ordered an x-ray of Plaintiff's left hip, and recommended further testing to aid in diagnosis. (*Id.* at ¶ 19.) Starting in February 2013, Plaintiff complained of increasing hip pain and sought medical attention from ODOC staff. (*Id.* at ¶¶ 19-80.)

Plaintiff received a hip x-ray in May 2014, and an MRI the following month. (*Id.* at ¶¶ 22, 27.) In October 2014, an orthopedist examined Plaintiff and reported to ODOC: "Presently, he is very painful and would like a left total hip arthroplasty. . . . I think we can safely do a replacement hip arthroplasty. This should be presented to the treatment committee . . . ." (*Id.* at ¶¶ 35-36.)

In January 2015, Plaintiff's case was presented to ODOC's Therapeutic Level of Care (TLOC) committee, whose authorization is required for hip replacement surgeries. *See* OR. ADMIN. R. 291-124-0041; *see also* ODOC Health Serv. Sec. Policy P-A-02.1(A)(1)(c), (B)(3)(a). The TLOC considered a proposed treatment for Plaintiff, recorded in the meeting notes as "wants a hip replacement." (Eynon Decl. Attach. 4 at 41.) The committee decided, "Not at this time cont. eval monitor–post-poned as long as possible." (*Id.*)

Plaintiff received medications and other accommodations to treat his hip pain. (*See, e.g.*, Compl. ¶¶ 61-68.) The TLOC authorized Plaintiff's hip surgery in March 2015, and it was performed in April 2015. (*Id.* at ¶¶ 75, 80.)

### B.     Grievance Process

Between February 2013 and April 2015, Plaintiff filed a number of administrative grievances relating to his medical treatment. Five of those grievances—TRCI-2015-01-128;

TRCI-2015-03-112; TRCI-2015-06-086; TRCI-2015-04-137; and TRCI-2015-04-142—are relevant to this matter. (*Id.* at ¶ 16; *see also* Eynon Decl. Attach. 4-6, 10, 11.)[1]

ODOC's formal grievance procedure is three-tiered. Or. Admin. R. 291-109-0140. It begins when an inmate files a written form describing the incident being grieved. *Id.* at 291-109-0140(b). An inmate may file only one grievance form per incident. *Id.* at 291-109-0140(5). However, if multiple ODOC employees were involved in a single incident, the inmate must file separate grievance forms as to each employee. *Id.* Two levels of appeal are available to inmates in the grievance process. *Id.* at 291-109-0170. ODOC provides inmates written information about the grievance procedure upon arrival at an ODOC facility. (Eynon Decl. ¶ 4.)

### 1. Incomplete Grievances (04-137 and 04-142)

Plaintiff did not complete the initial review process for grievances 04-137 or 04-142. (*Id.* at Attach. 10-11.) ODOC Grievance Coordinator Eynon returned the grievances to Plaintiff because each violated ODOC's Grievance Review System Rule No. 109. (*Id.*) Eynon rejected grievance 04-137 because it raised overlapping issues with grievance 01-128, and "[a]n inmate may not file more than one grievance regarding a single incident or issue." (*Id.* at Attach. 10 at 1) (*quoting* Or. Admin. R. 291-109-0140(5).) In grievance 04-142, Plaintiff complained about the conduct of "[Three Rivers Correctional Institution] TRCI Health Services," collectively. (*Id.* at Attach. 11 at 2.) Eynon rejected this grievance explaining—"More than one DOC/OCE employee . . . on a single grievance form. A separate grievance form must be filed for each individual that was DIRECTLY involved." (*Id.* at 1.)

---

[1] Herein, the Court will refer to the grievances by their last five digits only.

## 2. Completed Grievances (01-128, 03-112, 06-086)

Plaintiff completed all three levels of administrative review for grievances 01-128, 03-112, and 06-086. (Eynon Decl. Attach. 4-6.) Each was ultimately denied after a final appeal. (*Id.* at Attach. 4 at 1; Attach. 5 at 1; Attach. 6 at 1.)

In grievance 01-128, filed on February 9, 2015, Plaintiff submitted a detailed complaint about the medical care he received for his hip pain. (*Id.* at Attach. 4 at 11-50.) He described the actions of various medical personnel, including Defendant Gruenwald, relating to his requests for hip replacement surgery. (*Id.*) Plaintiff explained that "Ms Gruenwald wrote up a Therapeutic Level of Care request form, asking the committee to approve a hip replacement (Dated: 12/23/14) and [their] response on 1/15/[15] was, 'Not at this time, cont. eval monitor—postponed as long as possible.'" (*Id.* at 17.) At the end of the form, Plaintiff encouraged the reviewer to speak with various ODOC personnel including Defendant Gruenwald and "TLOC Board Members: DiGiulio, Shelton, Beamer, Lozier, and any others that may not have been there on 1/15/15." (*Id.*)

The response to Plaintiff's grievance 01-128 included a review of Plaintiff's pain treatment, and confirmed that "[t]he Therapeutic Level of Care (TLC) committee denied the hip replacement at this time . . . ." (*Id.* at 9.)

Plaintiff filed an initial appeal on February 23, 2015. (*Id.* at 6.) In it, he clarified that when Defendant Gruenwald presented his matter to the TLOC in December 2014, she erroneously stated that Plaintiff "wants a hip replacement, instead of what the specialist Dr. Carpenter recommended," leading the committee to postpone approval. (*Id.*) Plaintiff contended that either Defendant Gruenwald mischaracterized Dr. Carpenter's treatment recommendation, showing "a clear intent of her misleading the committee to purposefully subject me to unwanton infliction of pain or if the committee is aware of my medical condition, the course of treatment

PAGE 4 – FINDINGS AND RECOMMENDATION

they chose to take is medically unacceptable." (*Id.* at 7.) Plaintiff also requested that "Gruenwald/TLC should not retaliate towards me for exercising redress of grievance." (*Id.* at 8.)

The response to Plaintiff's initial appeal was issued after the TLOC approved Plaintiff's hip surgery. It informed Plaintiff that the surgery was approved and that an appointment was scheduled. (*Id.* at 5.)

Plaintiff filed a final appeal on April 29, 2015. (*Id.* at 2.) In it, he explained further his complaint against Defendant Gruenwald: "on June 12, 2015 Ms L. Gruenwald made a decision (without consulting with a orthopedic specialist) to manage my pain. L. Gruenwald does not have the medical authorization or training to evaluate an MRI of my hip and decide when to or not to have a surgery performed." (*Id.*)

Plaintiff also reiterated his allegation against the TLOC, saying that the TLOC, and not the orthopedic specialist, decided to postpone the surgery: "Which TLOC committee, none of them had physically examined me and none of them are specialist in orthopedics. Still they felt that post-poning or delaying proper medical attention that was suggested by an orthopedic specialist, that ODOC sub-contracts was their right." (*Id.* at 3.)

The response to this final appeal interpreted Plaintiff's grievance as a request for "hip replacement surgery, appropriate pain medication and monetary compensation." ODOC responded that Plaintiff had received the hip surgery, and stated, "it appears that you have received appropriate medical care and treatment." (*Id.* at 1.)

Plaintiff's other two completed grievances address complaints against defendant Gruenwald only. (*Id.* at Attachs. 5, 6.)

Plaintiff filed a complaint in this matter on June 13, 2016. (ECF No. 1.)

PAGE 5 – FINDINGS AND RECOMMENDATION

**ANALYSIS**

I.  **STANDARD OF REVIEW**

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005) (citations omitted). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

II.  **DISCUSSION**

Plaintiff's complaint alleges that ODOC personnel provided inadequate medical care relating to Plaintiff's hip pain. He asserts both federal and state law claims against Defendants in their official and personal capacities.

  A.  **Official Capacity Constitutional Claims**

Plaintiff's first, second, and third claims for relief allege Eighth Amendment violations by various defendants in their personal and official capacities. (Compl. ¶¶ 4-14, 86-100.) Each of the named defendants is an employee of the State of Oregon. Section 1983 does not provide a cause of action against a state employee acting in her official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1988) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Therefore, the section 1983 official capacity claims should be dismissed with prejudice. The

PAGE 6 – FINDINGS AND RECOMMENDATION

claims stated against the various defendants in their personal capacities should remain, except as discussed below.

B.      **Americans with Disabilities Act Claims**

Plaintiff's fourth and fifth claims for relief allege violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. (Compl. ¶¶ 101-10.) Again, Plaintiff names the various defendants in both their personal and official capacities. (Compl. ¶¶ 4-14.)

A state may be sued in federal court for violating Title II of the ADA, so Plaintiff has properly alleged the official capacity claims under the ADA. *See* 42 U.S.C. § 12202 (abrogating state immunity); *see also Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1184-85 (9th Cir. 2003) (holding section 12202's abrogation to be valid).

However, Title II claims may not be raised against individuals. *See* 42 U.S.C. § 12132 (prohibiting discrimination by a "public entity"); *id*. at § 12131(1) (defining "public entity" to include governments and government entities); *see also Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding that a plaintiff cannot bring an action against a state official in her individual capacity for a Title II violation). The claims against all defendants in their personal capacities under the ADA should be dismissed with prejudice.[2]

C.      **State Law Claims**

Plaintiff's fourth and fifth claims also allege that the various defendants, in their official and personal capacities, violated Oregon Revised Statute section 659A.142. (Compl. ¶¶ 101-10.) In addition, his seventh and eighth claims allege that defendant Gruenwald committed acts of

---

[2] Plaintiff clarifies that the listed defendants served on the TLOC committee, which should be considered a "public entity" for purposes of the ADA. (Pl. Resp. Def. Mot. Summ. J. at 40.) If Plaintiff seeks to allege that the committee, as an entity, violated the ADA, the surviving official capacity claims serve that purpose. FED. R. CIV. P. 56.

negligence and intentional infliction of emotional distress, in violation of Oregon law. (Compl. ¶¶ 115-25.) Defendants seek to have these claims dismissed on Eleventh Amendment grounds. (Def. Mot. Summ. J. at 3.) Plaintiff acknowledges that these claims should be dismissed. (Pl. Resp. Def. Mot. Summ. J. at 34.)

The district judge should dismiss Plaintiff's state law claims without prejudice so that Plaintiff may pursue his claims in state court. *See* Or. Rev. St. § 30.265(1) (tort claims against state officers acting within scope of employment must be construed as an action against the state, but stating no express waiver of immunity to suit in federal court).

### D. Equal Protection Claim

Plaintiff's sixth claim for relief alleges violations of his equal protection rights by the "Defendants" collectively. Defendants move to dismiss this claim on the basis of insufficient pleading. (Def. Mot. Summ. J. at 4.) Plaintiff concedes. (Pl. Resp. Def. Mot. Summ. J. at 34.) Accordingly, the district judge should dismiss Plaintiff's sixth claim with prejudice.

### E. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that an inmate exhaust all available remedies before filing a federal law claim. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060-61 (PLRA's exhaustion requirement applies to ADA claims).

The parties agree that Plaintiff exhausted all remedies regarding his claims against defendants Gruenwald and Dewsnup. (*See* Def. Mot. Summ. J. at 7-8.) As a result, the personal capacity claims stated against defendants Gruenwald and Dewsnup in Plaintiff's first and second claims for relief survive this motion, as do the official capacity claims against them stated in Plaintiff's fourth and fifth claims for relief.

Plaintiff acknowledges that he did not exhaust administrative remedies with regard to defendant Gower. (Pl. Resp. Def. Mot. Summ. J. at 35.) All claims against defendant Gower should, therefore, be dismissed without prejudice.

The parties dispute whether Plaintiff completed the administrative grievance process for his claims against defendants DiGiulio, Shelton, Norton, Kelly, Beamer, and Lozier. Plaintiff asserts that grievance 01-128 exhausted his remedies against these defendants because it detailed his complaints against the TLOC, of which these defendants are all members. (Gosney Decl. ¶¶ 10-13.) Defendants admit that DiGiulio, Shelton, Norton, Kelly, and Beamer are TLOC members. (Answer ¶¶ 7-11.)[3] However, they argue that because Plaintiff did not grieve each member individually, he failed to exhaust. (Def.'s Reply Mot. Summ. J. at 2-3.)

To exhaust administrative remedies under the PLRA, an inmate must complete the administrative review process in accordance with the applicable procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Oregon's rules require inmates to file a "separate grievance . . . for each individual" ODOC employee against whom the inmate seeks redress. Or. Admin. R. § 291-109-0140(5). Plaintiff did not file separate grievances against each of the named defendants. (Eynon Decl. ¶ 40.) Instead, he included defendant Gruenwald and the TLOC members together in grievance 01-128. This is a technical violation of Oregon's procedural rules.

Despite this technical violation, ODOC officials addressed the merits of grievance 01-128. (Eynon Decl. Attach. 4 at 1, 5, 9.) "[W]hen prison officials address the merits of a prisoner's grievance instead of enforcing a procedural bar, the state's interests in administrative

---

[3] Defendants' answer states that ODOC currently employs Deena Lozier as a Nurse Practitioner, but that they "lack sufficient information to respond" to, and therefore deny, the allegation that she was a member of the TLOC. (Answer at ¶ 12.) Because defendant Lozier's membership in the TLOC is a disputed fact that is material to the affirmative defense of exhaustion, the Court must deny summary judgment on that basis. Fed. R. Civ. P. 56(a).

exhaustion have been served." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016). In addition, under the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010). The purpose is to "alert prison officials to a problem, not provide personal notice to a particular official that he may be sued." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

Grievance 01-128 alerted ODOC to Plaintiff's complaint that his hip surgery was not timely provided. (*See* Eynon Decl. Attach. 4 at 1, 5, 9) (each grievance response identifies Plaintiff's complaint as such.) ODOC was generally aware of the TLOC's role in approving hip replacement surgeries. *See* ODOC Health Serv. Sec. Policy P-A-02.1(A)(1)(c), (B)(3)(a) (listing hip surgeries among the examples of procedures requiring TLOC approval). Furthermore, ODOC's grievance responses acknowledged the TLOC's involvement in Plaintiff's hip surgery request. (Eynon Decl. Attach. 4 at 9) ("The Therapeutic Level of Care (TLOC) committee denied the hip replacement at this time"); *id.* at 5 ("Mrs. Gruenwald again took your case before the TLC committee on March 13, 2015 to ask for approval for a left hip replacement . . . [t]he hip replacement was approved").

The Court finds that Plaintiff's grievance 01-128 alerted ODOC officials to the nature of Plaintiff's grievance and the TLOC members' roles in connection with the grievance. Accordingly, Plaintiff's grievance 01-128 sufficed to exhaust the personal capacity claims against defendants DiGiulio, Shelton, Norton, Kelly, and Beamer alleged in Plaintiff's third claim for relief, and the official capacity claims against these defendants stated in Plaintiff's fifth claim for relief. Those claims, therefore, should survive Defendant's motion for summary judgment.

## CONCLUSION

For the reasons stated, the district court should grant in part and deny in part Defendants' motion for partial summary judgment (ECF No. 72). The remaining claims will be: (1) the personal capacity claims against Defendant Gruenwald alleged in the First and Second Claims for Relief; (2) the personal capacity claims against all Defendants except Defendant Gower alleged in the Third Claim for Relief; (3) the official capacity claim against Defendant Gruenwald alleged in the Fourth Claim for Relief; and (4) the official capacity claims against all Defendants except Defendant Gower stated in the Fifth Claim for Relief.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 18th day of September, 2017.

*/s/ Stacie F. Beckerman*
_____
STACIE F. BECKERMAN
United States Magistrate Judge